IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEVI WOODERTS, JR. | ) | |
| | ) | |
| V. | ) | 3-05-CV-188-D |
| | ) | |
| WARDEN OF FCI SEAGOVILLE | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Levi Wooderts, Jr., is confined as an inmate at FCI, Seagoville, pursuant to a sentence imposed by the District Court in No. 3-97-CR-54-D on February 27, 1998, to a term of 240 months imprisonment. The present petition seeks credit for additional time spent in custody after Wooderts, unsuccessfully pursued remedies through the Bureau of Prisons' administrative process. Specifically Petitioner claims that he is entitled to credit against his federal sentence for the period commencing on October 1, 1996.

The record establishes that Wooderts was arrested on state criminal charges on October 1, 1996, and that the Texas Board of Pardons and Paroles issued a parole violator's warrant on October 25, 1996, for violation of the terms of his parole supervision.[1]

---

[1] Wooderts was under the supervision of the Texas parole authority until August 31, 2004. See PreSentence Investigation report at ¶¶ 59-65.

Following the return of the indictment in No. 3-97-CR-54-D the State of Texas dropped its criminal charges based upon the same course of conduct alleged in the federal indictment. Thereafter he remained in custody on the parole violator's warrant and his appearances in federal court were pursuant to a writ of habeas corpus ad prosequendum issued by the federal court. Pursuant to the District Court's letter to the Bureau of Prisons dated February 19, 2003, Wooderts's federal sentence is consecutive to the undischarged terms of imprisonment imposed by the Texas state courts. See Respondent's Appendix at 27.

The record shows that during the pendency of the charges in No. 3-97-CR-54-D, Petitioner was placed in the physical custody of the United States Marshals Service at Seagoville, FCI, and that following his sentencing on February 27, 1998, he was returned to the custody of the Texas Department of Corrections on April 2, 1998. See Respondent's Appendix at 22-23.

Upon Petitioner's return to the physical custody of the Texas state authorities his previously issued parole was revoked. He was given credit for time on his previously imposed state convictions beginning on October 1, 1996, the date on which he was originally arrested on state criminal charges and was subsequently re-released on parole to the custody of the United States Marshals Service on November 10, 2003, for designation of the federal institution in which he would be confined for service of his sentence imposed in No. 3-97-CR-54-D.

It is well settled that a writ of habeas corpus which affects the status of a prisoner's physical custody does not affect his constructive custody as a state prisoner. E.g. see United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985). When a prisoner's appearance is obtained pursuant to a writ of habeas corpus he is considered to have been "borrowed" from the authority in whose custody the prisoner was confined.

2

Wooderts argues that the parole violator's warrant issued on October 25, 1996, was withdrawn on or about April 25, 1997. In support of this assertion he relies on Dallas County Jail Records reflecting that he was delivered to the United States Marshals Service's custody on that date (See Petitioner's Appendix B - Dallas County Sheriff's Rapsheet) and the fact that a second violator's warrant was issued by the Texas Board of Pardons and Paroles (Id.).

Dispositive of this argument is the fact that Wooderts has not demonstrated that the October 25, 1996, violator's warrant was ever formally withdrawn.[2] The Dallas County Sheriff's log reflects nothing more than the fact that he was transferred out of the Dallas County Jail to the physical custody of the Marshals Service, and in no way constitutes evidence of a relinquishment of custody under the authority of the Texas state parole board.

However, dispositive of the petition is the fact that 18 U.S.C. § 3585(b) permits credit for time in custody, prior to commencement of the service of a federal sentence only when such time "has not been credited against another sentence." See also Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003). In the present case the Bureau of Prisons determined that Wooderts received credit against the service of his prior state convictions from October 1, 1996, the date of his initial arrest. See Respondent's Appendix at 3, ¶ 7. Therefore, he can show no error in the Bureau of Prisons'

---

[2]Petitioner was returned to Texas state custody on April 2, 1998 (See Respondent's Appendix at 23) eleven days before the warrant attached to his response appendix was issued, which constitutes strong, if not conclusive evidence that the prior warrant was never withdrawn or vacated.

refusal to grant him additional credit toward the service of his sentence imposed in No. 3-97-CR-54-D.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition be denied.

SIGNED this 20th day of May, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.